UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

George Whitfield, et al.,

    Plaintiffs,

v.                                                                            Case No. 13-11070

The Pep Boys – Many, Moe, & Jack,                 Sean F. Cox
                                                                              United States District Court Judge

    Defendant.
_____/

## ORDER AFFIRMING CLERK'S TAXED BILL OF COSTS

Plaintiffs filed this action in state court, asserting multiple claims against Defendant. The action was removed to this Court on March 8, 2013.

Following the close of discovery, on March 31, 2014, Defendant filed a Motion for Summary Judgment. Defendant's Motion for Summary Judgment relied on, and attached, several deposition transcripts.

In responding to Defendants's Motion for Summary Judgment, on April 28, 2014, Plaintiffs conceded that all claims except Counts X and XII should be dismissed. (Docket Entry No. 51 at 2).

This Court granted Defendant's Motion for Summary Judgment and on August 11, 2014, this Court issued a Judgment dismissing this action with prejudice.

Thereafter, Defendant filed a Bill of Costs and the Clerk of the Court taxed costs in the amount of $2,269.36. (*See* Docket Entry Nos. 55 & 56).

On August 27, 2014, Plaintiffs filed a "Motion To Review Clerk's Taxed Bill Of Costs" (Docket Entry No. 57).

1

"Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed.R.Civ.P. 54(d)(1). Rule 54(d)(1) "creates a presumption in favor of awarding costs, but allows denial of costs at the discretion of the trial court." *Knology, Inc. v. Insight Commc'ns, L.P.*, 460 F.3d 722, 726 (6th Cir.2006) (quoting *Singleton v. Smith*, 241 F.3d 534, 539 (6th Cir.2001)). Costs may be denied "where, although a litigant was the successful party, it would be inequitable under all the circumstances in the case to put the burden of costs upon the losing party." *White & White, Inc. v. Am. Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir.1986) (emphasis omitted). The losing party bears the burden "to show circumstances sufficient to overcome the presumption favoring an award of costs to the prevailing party." *Id.* at 732.

Here, Plaintiffs argue that no costs should be taxed, or only reduced costs should be taxed, and they make two arguments.

First, they assert that the Clerk of the Court improperly included fees for the cost of video fees for depositions. But the docket reflects that Defendant did not seek, and the Clerk of the Court did not award, costs for video fees. This objection is therefore without merit.

Second, Plaintiffs assert that costs should not be assessed because Plaintiffs conceded that most of their claims should be dismissed when they responded to Defendant's Motion for Summary Judgment. While Plaintiffs ultimately conceded that many of their claims should be dismissed, they did so only *after* discovery had closed and only *after* Defendant had used the deposition transcripts at issue to file and support a dispositive motion. Under these circumstances, it is not inequitable to award Defendant the costs it incurred for those transcripts.

Accordingly, IT IS ORDERED that the Court finds Plaintiffs' objections without merit

and AFFIRMS the Clerk's Bill of Taxed Costs in this action.

       IT IS SO ORDERED.

                                  S/Sean F. Cox
                                  Sean F. Cox
                                  United States District Judge

Dated: September 23, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 23, 2014, by electronic and/or ordinary mail.

                                  S/Jennifer McCoy
                                  Case Manager